# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALEM H. BARSERIAN, dba American Dried Fruit Company, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Defendant. _____/ | CASE NO. CV F 10-2309 LJO GSA <br><br> **ORDER ON DEFENDANTS' F.R.Civ.P. 12 MOTION TO DISMISS FIRST AMENDED COMPLAINT** <br> (Doc. 11.) |

## **INTRODUCTION**

Defendant U.S. Department of Agriculture ("USDA") seeks to dismiss as untimely and thus failing to invoke this Court's subject matter jurisdiction the action of pro se plaintiff Kalem H. Barserian ("Mr. Barserian"), doing business as American Dried Fruit Company ("ADFC"), to seek judicial review of a USDA order regarding regulation of California raisins. Mr. Barserian responds that "procedural irregularities and misleading information" excuse his filing this action untimely. This Court considered USDA's F.R.Civ.P. 12(b)(1) motion to dismiss on the record and VACATES the April 27, 2011 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES this action.

# BACKGROUND[1]

## USDA Proceedings

Mr. Barserian operates ADFC as a sole proprietorship. ADFC is a California handler/packer registered with the Raisin Administrative Committee ("RAC") and is regulated by RAC by the federal Raisin Order for California Raisins ("Raisin Order"),7 C.F.R. §§ 989.1, et seq. The RAC is the USDA agency responsible to administer the Raisin Order.

On March 11, 2010, ADFC filed its administrative petition, pursuant to 7 U.S.C. § 608c(15)(A), "challenging USDA's unlawful interpretation and application of the Raisin Order provisions, and seeking declaratory relief that a raisin handler may 'cause' inspection and certification by compelling other interested parties to apply and pay for them."

By a May 27, 2010 decision, a USDA administrative law judge ("ALJ") "improperly dismissed the Petition, claiming that the Petition fails to state a claim." The decision refers to ADFC as "Petitioner." Hearing Clerk L. Euguene Whitfield's ("Mr. Whitfield's") May 27, 2010 letter ("May 27 letter") enclosed the decision and its subject line referred to "Respondent" as "Kalem H. Barserian d/b/a American Dried Fruit Co." although the petitioner was ADFC. The May 27 letter references an incorrect case number. The May 27 letter states in part:

> Each party has thirty (30) days from the service of this *Opinion and Order* in which to file an appeal to the Department's Judicial Officer.
>
> If no appeal is filed, the Decision and Order shall become binding and effective as to each part [sic] thirty-five days after service. However, no Decision is final for purposes of judicial review except a final order issued by the Secretary or the Judicial Officer pursuant to an appeal.
>
> In the even [sic] you elect to file an appeal, an original and 4 copies are required. You are also instructed to consult § 1.45 of the Uniform Rules of Practice (7 C.F.R.§ 1.145) for the procedure for filing an appeal.

Mr. Barserian notes that the May 27 letter "omitted information about seeking judicial review after a petition to the Secretary's Judicial Officer ("JO") for reconsideration.

On June 25, 2010, ADFC filed an appeal petition before a USDA judicial officer ("JO"), who issued an August 20, 2010 decision ("August 20 JO decision") to affirm the ALJ's decision and thus

---

[1] The factual recitation is derived generally from Mr. Barserian's First Amended Complaint for Declaratory Relief; Review of Administrative Decision ("FAC") and its attached exhibits.

2

deny Mr. Barserian's appeal. Mr. Whitfield sent Mr. Barserian an August 23, 2010 letter ("August 23 letter") to enclose the JO's decision and which stated:

> Judicial review of this decision is available in an appropriate court if an appeal is timely filed. This office does not provide information on how to appeal. Please refer to the governing statute. If you are not currently represented by an attorney, you may choose to seek legal advice regarding an appeal.
>
> Prior to filing an appeal respondent may file a petition for reconsideration of the Judicial Officer's decision within **10 days** of service of the decision. (Bold added.)

The FAC alleges that the "instructions are false and misleading because a petition for reconsideration of a JO's decision can only be made after an appeal" and that Mr. Barserian did not know that under regulations,"a final decision by the JO is automatically stayed, and the time for judicial review does not begin to run, until action on the petition for reconsideration." Mr. Barserian claims that the August 23 order misrepresented the May 27 letter by indicating: "This office does not provide information on how to appeal." Mr. Barserian faults the August 23 letter's failure to refer to 7 C.F.R. § 1.146 ("section 1.146"), which permits a petition to reconsider a JO decision. Section 1.146(b) provides in pertinent part:

> The decision of the Judicial Officer shall automatically be stayed pending the determination to grant or deny a timely petition. Such decision shall not be final for purposes of judicial review until the petition is denied or the decision is affirmed or modified pursuant to the petition and the **time for judicial review shall begin to run upon the filing of such final action** on the petition. (Bold added.)

Mr. Barserian filed a September 7, 2010 reconsideration petition which the JO's October 7, 2010 order ("October 7 order") denied. Mr. Whitfield's October 7, 2010 letter ("October 7 letter") sent by certified mail to Mr. Barserian enclosed the JO's order and stated:

> Judicial review of this decision is available in an appropriate court if an appeal is timely filed. This office does not provide information on how to appeal. Please refer to the governing statute. If you are not currently represented by an attorney, you may choose to seek legal advice regarding an appeal.

The FAC alleges that the "JO omitted notice of the right to seek judicial review of that particular Order or that the August 20, 2010 Order would become final agency action for purposes of judicial review." The FAC further alleges that the October 7 letter was false and misleading by indicating that "judicial review is available if an 'appeal' is filed" and that "USDA does not provide information on how to appeal."

3

**Mr. Barserian's Claims**

On December 10, 2010, Mr. Barserian filed his original complaint to seek a "declaratory order that the agency's actions were arbitrary, capricious, and not otherwise in accordance with law" and a further order "setting aside the agency's initial and final decisions and orders." In response to USDA's motion to dismiss, Mr. Barserian filed his FAC to allege that Mr. Whitfield "omitted instructions about seeking judicial review of the [October 7] order denying Plaintiff's petition for reconsideration" and "falsely claimed [his] office does not provide information on how to appeal. As such, Plaintiff could not have reasonably know that the 20-day limitation had begun to run on May 20, 2010."[2] The FAC further alleges that USDA "should be equitably estopped from asserting that Plaintiff failed to comply with the twenty day time limit because Defendant failed to provide accurate instructions to Plaintiff concerning timing and availability of judicial review was [sic] a prejudicial error that caused Plaintiff to suffer a legal wrong entitling him to judicial review."

**DISCUSSION**

**F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards**

USDA contends that Mr. Barserian's failure to file this action within 20 days of the October 7 order bars invocation of this Court's subject matter jurisdiction.

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). A "court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396; *see Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) ("plaintiff has burden of proving

---

[2] USDA correctly notes that May 20, 2010 "does not correspond with any other date mentioned" in the FAC in that the time to seek judicial review started to run on October 7, 2010.

jurisdiction" to survive a F.R.Civ.P. 12(b)(1) motion to dismiss).

When addressing an attack on the existence of subject matter jurisdiction, a court "is not restricted to the face of the pleadings." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Smith v. Rossotte*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (a court "may consider evidence outside the pleadings to resolve factual disputes apart from the pleadings").

No presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts does not preclude evaluation of the merits of jurisdictional claims. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). On a factual attack of a complaint with affidavits or other evidence, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040, n. 2 (9th Cir. 2003).

"The plaintiff always bears the burden of establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise." *Valdez v. U.S.*, 837 F.Supp. 1065, 1067 (E.D. Cal. 1993). "[T]he burden of proof is on the plaintiff to support allegations of jurisdiction with competent proof when the allegations are challenged by the defendant." *O'Toole v. Arlington Trust Co.*, 681 F.2d 94, 98 (1st Cir. 1982).

With these standards in mind, this Court turns to USDA's challenges to subject matter jurisdiction.

### Absence Of Immunity Waiver

"The United States can be sued only to the extent that it has waived its sovereign immunity." *Baker v. U.S.*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996 (1994). "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity. *Baker*, 817 F.2d at 562. "Thus, the United States may not be sued without its consent and the terms of such consent

define the court's jurisdiction." *Baker*, 817 F.2d at 562.  A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed. *See U.S. v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953-954 (1976).

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." *McCarthy*, 850 F.2d 558, 560 (1988).  "It is incumbent upon the plaintiff properly to allege the jurisdictional facts . . ." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182, 56 S.Ct. 780 (1936).  "Absent consent to sue, dismissal of the action is required." *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982).

The terms of the United States' "consent to be sued in any court define that court's jurisdiction to entertain the suit." *U.S. v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767 (1941).  Waivers of immunity must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires," *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927); *see Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.")

USDA contends that Mr. Bersarian failed to file this action timely to invoke a waiver of USDA's immunity from suit.

### Judicial Review Of USDA Decision

USDA notes that Mr. Barserian seeks this Court's review, pursuant to 7 U.S.C. § 608c(15)(B) ("section 608c(15)(B)") which provides in pertinent part: "The District Courts of the United States in any district in which such handler is an inhabitant, or has his principal place of business, are hereby vested with jurisdiction in equity to review such ruling, provided a bill in equity for that purpose is filed **within twenty days from the date of the entry of such ruling**."  (Bold added.)

"Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." *Bowles v. Russell*, 551 U.S. 205, 212, 213, 127 S.Ct. 2360 (2007).  "Judicial review provisions, however, are jurisdictional in nature and must be construed with strict fidelity to their terms . . . [and] 'with precision and with fidelity to the terms by

which Congress has expressed its wishes.'" *Stone v. I.N.S.*, 514 U.S. 386, 405, 115 S.Ct. 1537 (1995) (quoting *Cheng Fan Kwok v. INS*, 392 U.S. 206, 212, 88 S.Ct. 1970, 1974, 20 L.Ed.2d 1037 (1968)); *see Caruncho v. I.N.S.*, 68 F.3d 356, 359 (9th Cir. 1995) (This Court has recognized repeatedly that statutory time limits are "mandatory and jurisdictional.'")

USDA explains that since the JO denied reconsideration on October 7, 2010, the last day to file this action was October 27, 2010 to render untimely the December 10, 2010 filing of this action and thus the failure to invoke this Court's jurisdiction. Mr. Barserian concedes that this action was not filed within 20 days of the October 7 order, the JO's reconsideration denial. Mr. Barserian appears to seek to invoke equitable tolling bases on what he characterizes as "procedural irregularities and misleading information about his rights to appeal and judicial review."

**Equitable Tolling**

The FAC alleges that Mr. Barserian could not have reasonably known when the 20-day limit ran. USDA contends such claim is "factually implausible and legally irrelevant" in that "federal courts cannot create equitable exceptions to statutory time limits for judicial review."

USDA notes that the October 7 order denying Mr. Barserian's reconsideration petition triggered the 20-day period to seek judicial review, pursuant to 7 C.F.R. § 1.146(b), which, as a reminder, provides: "Such decision shall not be final for purposes of judicial review until the petition is denied or the decision is affirmed or modified pursuant to the petition and the **time for judicial review shall begin to run upon the filing of such final action** on the petition." (Bold added.) USDA argues that the October 7 letter is not false and misleading in that it explains that judicial review of the October 7 order "is available in an appropriate court if an appeal is timely filed" and refers Mr. Barserian "to the governing statute."

USDA further argues that this Court lacks discretion to equitably estop USDA to assert the 20-day limit. "Judicial review provisions, however, are jurisdictional in nature and must be construed with strict fidelity to their terms." *Stone*, 514 U.S. 386, 405, 115 S.Ct. 1537 (1995). A "jurisdictional statute . . . must be construed both with precision and with fidelity to the terms by which Congress has expressed its wishes." *Cheng Fan Kwok v. INS*, 392 U.S. 206, 212, 88 S.Ct. 1970, 1974, 20 L.Ed.2d 1037 (1968). "This is all the more true of statutory provisions specifying the timing of review, for those

7

time limits are, as we have often stated, 'mandatory and jurisdictional,' *Missouri v. Jenkins*, 495 U.S. 33, 45, 110 S.Ct. 1651-1660, 109 L.Ed.2d 31 (1990), and are not subject to equitable tolling." *Stone*, 514 U.S. 386, 405, 115 S.Ct. 1537 (1995); *see Caruncho v. I.N.S.*, 68 F.3d 356, 359 (9th Cir. 1995) (the Ninth Circuit "has recognized repeatedly that statutory time limits are 'mandatory and jurisdictional.'")

As the U.S. Supreme Court has "long held, when an 'appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.'" *Bowles v. Russell*, 551 U.S. 205, 213, 127 S.Ct. 2360 (2007) (quoting *U.S. v. Curry*, 47 U.S. 106, 113, 12 L.Ed. 363 (1848)). The U.S. Supreme Court "has no authority to create equitable exceptions to jurisdictional requirements" although the plaintiff alleges "unique circumstances." *Bowles*, 551 U.S. at 214, 127 S.Ct. 2360.

USDA explains that when a statute sets a deadline for judicial review, there is "no reason not to read [the statute] as meaning what it says." *Pittston Stevedoring Corp. v. Dellaventura*, 544 F.2d 35, 44 (9th Cir. 1976). USDA continues that section 608c(15)(B) "means what it says, and the time to file this action commenced upon entry of the JO's order on October 7, 2010." USDA concludes that Mr. Barserian's "failure to bring this action within the time mandated by Congress renders the Court without jurisdiction."

Mr. Barserian argues that he "had the right to receive correct information of the Secretary's final decision and order, and his right to seek judicial review thereof." Mr. Barserian points to the May 27 letter as misleading given its incorrect references to the case number and Mr. Barserian as Respondent. Mr. Barserian attacks the August 23 letter as "false and misleading" in that the August 23 letter indicates that judicial review of the August 20 JO decision "is available in an appropriate court if an appeal is timely filed." Mr. Barserian claims that he had "no right to 'appeal' the JO's Order again" and was limited to file "an administrative petition for reconsideration or a complaint for judicial review in federal court." Mr. Barserian further finds fault in that the May 27 letter provided appeal information but the August 23 letter denied providing "information on how to appeal." Mr. Barserian claims that had he been informed of section 1.146, he would have known that the August 20 JO decision would be stayed and that the time for judicial review would not run until final action on the reconsideration petition. Mr. Barserian further faults failure to instruct how to appeal the October 7 order. Mr. Barserian faults the

October 7 letter for suggesting judicial review if an appeal is filed but claims the October 7 letter "is untrue because a second appeal could not be filed."

Mr. Barserian points to no reasonable confusion arising from Mr. Whitfield's letters or the USDA orders. Mr. Barserian could have sought direct judicial review of the August 20 JO decision. In fact, the August 20 JO decision informed him of the 20-day deadline to do so. Mr. Barserian chose to seek USDA reconsideration. The October 7 order to deny reconsideration became the final USDA action and invoked section 608c(15)(B)'s 20-day deadline for judicial review. Mr. Barserian fails to explain adequately why he delayed more than 60 days to take action to address the October 7 order.

Mr. Barserian's points as to general jurisdiction over administrative agency action are inapplicable in that he failed to file timely this action to comply with statutory requisites for such review. Mr. Barserian's notions as to constitutional violations are also immaterial as the key issue here is compliance with statutory provisions to unlock sovereign immunity to entitle Mr. Barserian to judicial review in the first place. Mr. Barserian failed to comply with the statutory requirements, and his claims of false and misleading information are unpersuasive, especially given his demonstrated ability to prosecute his matter before the USDA.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES this action with prejudice;[3] and
2. DIRECTS the clerk to enter judgment in favor defendant U.S. Department of Agriculture and against plaintiff Kalem H. Barserian.

IT IS SO ORDERED.

**Dated:   April 15, 2011**               **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

---

[3] As an alternative to dismissal with prejudice, Mr. Barserian "requests dismissal without prejudice so he an file a new administrative petition." Mr. Barserian fails to indicate how he could do so, especially given a res judicata bar.